| **Koshelev v Mortar Architecture PLLC** |
|:---:|
| 2023 NY Slip Op 34549(U) |
| December 5, 2023 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509857/2022 |
| Judge: Devin P. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**Supreme Court of the State of New York**
**County of Kings**

Part __LL1__

SERGEY KOSHELEV,

Plaintiff,

against

MORTAR ARCHITECTURE PLLC,

Defendants.

Index Number __509857/2022__
Seqs. 001, 002

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed | 1–2 |
| Order to Show Cause and Affidavits Annexed. | |
| Answering Affidavits | 2–3 |
| Replying Affidavits | 4 |
| Exhibits | |
| Other | |

Upon the foregoing papers, plaintiff's motion to consolidate this action with the matter pending in Supreme Court, Bronx County (Seq. 001) and defendant's cross-motion to dismiss (Seq. 002) are decided as follows:

**Procedural History and Factual Background**

Plaintiff commenced this action for injuries he claims to have sustained when he fell from a deck or floor which lacked perimeter protection and/or proper fall protection safety devices. The plaintiff also commenced an action in Supreme Court, Bronx County predicated upon the same accident. That action is captioned *Sergey Koshelev v 91 Diamond Management LLC*, Index Number 27285/2019E. The plaintiff filed the instant action in Kings County due to the then-approaching statute of limitations (April 8, 2019) after Anthony Morena, the owner of Mortar Development LLC, gave testimony involving the defendant in this action, Mortar Architecture PLLC.

1

[* 1]

## Analysis

### Consolidation

Plaintiff's seeks consolidation of this action with the above indicated action pending in Supreme Court, Bronx County, pursuant to CPLR § 602. Plaintiff has demonstrated that these two actions arise from the same nexus of facts, include the same parties and legal arguments, and that judicial economy would be served by consolidating the actions (*see Shanley v Callanan Industries, Inc.*, 54 NY2d 104 [1981]).

Defendant argues that, pursuant to CPRL 503 (a), Bronx County is not the proper venue for either action, and consolidation should therefore be denied or, alternatively, the actions should be consolidated into Kings County. Plaintiff is not a resident of Bronx County, and based on the NY Department of State printouts, none of the current defendants are registered in or have their principal place of business in Bronx County. Defendant notes that plaintiff discontinued against G&F Drywall Construction Company, the only party with a business address in Bronx County, on November 18, 2021. Change of venue is proper where a discontinuance or summary judgment removes the only party that made the original venue proper (*Messiha v Staten Is. Univ. Hosp.*, 77 AD3d 894, 895 [2d Dept 2010]; *Appel v Dumont Masonic Nursing Home*, 47 A.D.3d 861, 850 N.Y.S.2d 624 [2d Dept 2008]). Therefore, the defendant is correct that the action is no longer properly venued in the Bronx, and indeed, venue should be changed.

However, the impropriety of Bronx County as venue for this action does not undermine plaintiff's arguments that the actions should be consolidated. Therefore, plaintiff's motion to consolidate (Seq. 001) is granted to the extent of consolidation; however, the actions are hereby consolidated into this, the Kings County index number, in order to correct venue. A consolidation order has been issued contemporaneously with this decision.

2

**Motion to Dismiss**

To dismiss a claim pursuant to CPLR 3211 (a) (1), the movant must produce documents that resolve "all factual issues as a matter of law, and conclusively [dispose] of the plaintiff's claim" (*534 K, LLC v Flagstar Bank, FSB*, 187 AD3d 971 [2d Dept 2020]; *see also Braun Soller v Dahan*, 173 A.D.3d 803, 805 [2d Dept 2019]). Documentary evidence for the purpose of this statute includes "out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (*McDonald v O'Connor*, 189 AD3d 1208, 1210 [2d Dept 2020]).

"Under CPLR § 3211 (a) (7), the applicable test is whether the pleading states a cause of action, not whether the proponent of the pleading, in fact, has a meritorious cause of action . . . The court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefits of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated" (*VIT Acupuncture P.C. v State Farm Auto Ins. Co.*, 28 Misc 3d 1230[A], 2010 NY Slip Op 51560[U], *1 [Civ Ct, Kings County 2010] quoting *Board of Educ. Of City School Dist. Of City of New Rochelle v County of Westchester*, 282 AD2d 561 [2d Dept 2001]).

Defendant seeks dismissal on the basis that it is an architecture firm, not a general contractor, and therefore is not a proper Labor Law defendant (citing *Ferreira v City of New York*, 85 AD3d 1103 [2nd Dept 2011]). Defendant further argues that it was contractually prohibited from supervising or controlling the means and methods of plaintiff's work, and therefore cannot have liability assigned to it. Plaintiff, in opposition, contends that there is some evidence indicating the Mortar Architecture was an agent of the owner, including Clause 13.03

3

of Mortar Architecture's contract with 91 Diamond Management LLC (the owner entity) which designates Mortar Architecture as empowered to "act on behalf of Owner hereunder."

Defendant's submissions are inadequate to establish that as a matter of law it was not an agent of the owner or general contractor. A motion to dismiss is not a substitute for a motion for summary judgment (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2d Dept 2006]). For the purposes of a motion to dismiss under CPLR 3211 (a) (1), the proffered contractual provisions are not indisputable documentary evidence—testimonial evidence and further discovery are necessary to resolve the questions of, *inter alia*, Mortar Architecture's agency relationship with the owner and how Mortar Architecture actually fulfilled its contractual responsibilities. Moreover, the plaintiff has not failed to state a cause of action because, if taken as true, the plaintiff's complaint does plead a valid cause of action under the New York Labor Law, and defendant has not demonstrated that any of plaintiff's alleged facts are "not a fact at all" (*Lubonty v U.S. Bank N.A.*, 159 AD3d 962, 963 [2d Dept 2018], *affd.* 34 NY3d 250 [2019]).

Defendant's cross-motion is, therefore, denied.

**Conclusion**

Plaintiff's motion to consolidate (Seq. 001) is granted to the extent indicated above.

Defendant's cross-motion to dismiss is denied.

This constitutes the decision and order of the court.

_____December 5, 2023_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court